**Angela DELOACH, Plaintiff,**

v.

**AMERICAN RED CROSS, et al., Defendants.**

**No. 1:96 CV 2765.**

United States District Court, N.D. Ohio, Eastern Division.

June 16, 1997.

Deborah L. McNinch, Zipkin, Fink & Whiting, Beachwood, OH, for plaintiff.

Stephen A. Markus, Stephanie Dutchess Trudeau, Ulmer & Berne, Cleveland, OH, for Defendants.

## MEMORANDUM OF OPINION AND OR-DER AND ORDER GRANTING DE-FENDANTS' MOTION TO DISMISS, IN PART

WELLS, District Judge.

### I. Introduction

This case is before the Court on the motion to dismiss filed February 20, 1997, by defen-

dants Gloria Cervelli, Marilyn May and Jamie Flagg (collectively "individual defendants") and by their employer, defendant American Red Cross ("Red Cross") (docket no. 9). The individual defendants assert all claims against them should be dismissed, pursuant to Fed.R.Civ.P. 12(b)(6), and the Red Cross asserts Count IV, which alleges intentional infliction of emotional distress, should be dismissed against it, pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff Angela De-Loach filed a memorandum in opposition to defendants' motion on March 6, 1997, and a supplemental memorandum in opposition on March 19, 1997. For the following reasons, defendants' motion to dismiss will be granted, in part.

### II. Procedural History and Factual Background

DeLoach filed suit in Cuyahoga County, Ohio, Court of Common Pleas on November 25, 1996. Defendants removed the case to this Court under 28 U.S.C. §§ 1331 and 1441.

In her six-count complaint,[1] DeLoach, a white female, alleges she began working at the Red Cross as a licensed practical nurse on November 19, 1990, and was terminated on May 11, 1995. DeLoach alleges the Red Cross discriminated against her because of her relationship with an African–American co-worker and the individual defendants discriminated against her because of her race.

Defendants filed separate answers on January 3, 1997.

### III. Law and Analysis

#### A. Standard

A motion to dismiss, pursuant to Fed. R.Civ.P. 12(b)(6), may be granted when there is no set of facts which would allow a plaintiff

---

1. Count I alleges discrimination against the Red Cross in violation of Ohio Rev.Code Ann. §§ 4112.02(A) and 4112.9; Count II alleges harassing conduct against the individual defendants in violation of Ohio Rev.Code Ann. §§ 4112.02(A), 4112.02(J) and 4112.99; Count III alleges breach of an implied contract in the employee handbook against the Red Cross;

Count IV alleges intentional infliction of emotional distress against the Red Cross; Count V alleges intentional infliction of emotional distress against the individual defendants; and Count VI alleges discrimination against the Red Cross in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

to recover. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). When considering a motion to dismiss, a plaintiff's factual allegations are deemed true and any ambiguities are resolved in his or her favor. *Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir.1992).

*B. Individual Liability Under Ohio Discrimination Law*

■ In their motion to dismiss, the individual defendants argue Count II, which is a claim of sex discrimination against them, should be dismissed because Ohio Rev. Code Ann. § 4112.99 does not impose liability on individual employees.[2] The individual defendants cite *Little Forest Med. Ctr. of Akron v. Ohio Civil Rights Comm'n*, 61 Ohio St.3d 607 [575 N.E.2d 1164] (1991), *cert. denied*, 503 U.S. 906 [112 S.Ct. 1263, 117 L.Ed.2d 491] (1992), for the principle that the interpretation of Ohio law generally mirrors the interpretation of federal law in the employment discrimination context. The individual defendants contend because there is no individual liability under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*,[3] individual liability under section 4112.99 would be precluded as well.

Absent a ruling from the Ohio Supreme Court on the issue of individual liability, this Court must predict how the Ohio Supreme Court would rule if faced with a case presenting this issue. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Decisions of intermediate appellate

state courts should not be disregarded unless " 'other persuasive data [indicates] that the highest court of the state would decide otherwise.' " *Commissioner v. Estate of Bosch*, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967) (citation omitted).

Other U.S. District Judges in Ohio have reached differing predictions about how the Ohio Supreme Court would resolve individual liability under section 4112.99. *See Griswold v. Fresentius USA, Inc.*, 964 F.Supp. 1166 (N.D.Ohio 1997)(holding an individual employee may be liable under section 4112.99)(Katz, J.); *Johnson v. University Surgical Group Assocs.*, 871 F.Supp. 979 (S.D.Ohio 1994) (same)(Spiegel, J.); *Gausmann v. City of Ashland*, 926 F.Supp. 635, 638 (N.D.Ohio 1996) (holding no individual liability) (O'Malley, J.); *Czupih v. Card Pak, Inc.*, 916 F.Supp. 687, 691 (N.D.Ohio 1996)(same) (Nugent, J.).

The Ohio Courts of Appeals, however, have uniformly held individuals may be liable under section 4112.99. *See Davis v. Black*, 70 Ohio App.3d 359, 370, 591 N.E.2d 11 (1991 )(holding "the supervisor for whom an employer may be vicariously liable under the doctrine of respondeat superior is also an employer [under section 4112.99]"); *Neal v. Hamilton County*, 87 Ohio App.3d 670, 622 N.E.2d 1130 (1993); *Frank v. Toledo Hosp.*, 84 Ohio App.3d 610, 617 N.E.2d 774 (1992); *Barney v. Chi Chi's, Inc.*, 84 Ohio App.3d 40, 616 N.E.2d 269 (1992); *Larkins v. G.D. Searle & Co.*, 68 Ohio App.3d 746, 589 N.E.2d 488 (1991).

---

**2.** Section 4112.01(A) defines employer as "any person employing four or more persons within the state, and any person acting directly or indirectly in the interest of an employer."

**3.** Title VII defines an employer as "a person engaged in an industry affecting commerce ... and any agent of such a person...." 42 U.S.C. § 2000e(b). The Sixth Circuit Court of Appeals has not decided whether this definition creates individual liability. Other Courts of Appeals which have analyzed this definition have generally held the inclusion of the word "agent" creates respondeat superior liability and does not create individual liability. *See Dici v. Pennsylvania*, 91 F.3d 542, 552 (3d Cir.1996); *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir.1995); *Gary v. Long*, 59 F.3d 1391, 1400 (D.C.Cir.), *cert. denied*, — U.S. —, 116 S.Ct. 569, 133 L.Ed.2d

493 (1995); *Greenlaw v. Garrett*, 59 F.3d 994, 1001 (9th Cir.1995), *cert. denied*, — U.S. —, 117 S.Ct. 110, 136 L.Ed.2d 63 (1996); *EEOC v. AIC Security Investigations*, 55 F.3d 1276, 1281 (7th Cir.1995); *Lenhardt v. Basic Inst. of Tech., Inc.*, 55 F.3d 377, 381 (8th Cir.1995); *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir.), *cert. denied*, 513 U.S. 1015, 115 S.Ct. 574, 130 L.Ed.2d 491 (1994); *Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir.1993); *Miller v. Maxwell's Int'l. Inc.*, 991 F.2d 583, 587 (9th Cir.1993), *cert. denied*, 510 U.S. 1109, 114 S.Ct. 1049, 127 L.Ed.2d 372 (1994); *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir.1991)(per curiam). *But see Paroline v. Unisys Corp.*, 879 F.2d 100, 106 (4th Cir.1989), *vacated in part on other grounds*, 900 F.2d 27 (4th Cir.1990)(en banc).

■ This Court is not persuaded to ignore the Ohio Courts of Appeals's uniform interpretation as a valid prediction of the Ohio Supreme Court's position in this instance. Furthermore, a comparison of the definition of "employer" in the Ohio statute and in the federal statute suggests section 4112.99 is intended to be broader in its reach than the analogous federal statute. This is because while the Ohio statute applies to employers having four or more employees, the federal statute applies in a more narrow fashion to employers having fifteen or more employees. In addition, the Ohio statute includes in the definition of "employer," "any person acting directly or indirectly in the interest of an employer," whereas the federal statute uses the term "agent," which is narrower in scope. These distinctions between the federal and Ohio statutes support a holding permitting individual liability under section 4112.99 even though there is no such liability under Title VII. The fact that a state legislates in areas also treated under federal law does not mean the state statutes must exactly fit or must be squeezed into the federal mold.

For the reasons set forth above, individual employees should be subject to liability under section 4112.99. The individual defendants' motion to dismiss Count II is denied.

## C. Intentional Infliction of Emotional Distress

■ The Red Cross and the individual defendants argue DeLoach fails to state a claim against them for intentional infliction of emotional distress. Count IV alleges intentional infliction of emotional distress against the Red Cross and Count V alleges intentional infliction of emotional distress against the individual defendants. Defendants also argue DeLoach's claim for intentional infliction of emotional distress is barred by the statute of limitations. Because DeLoach fails to state a claim for intentional infliction of emotional distress under Ohio law, the statute of limitations issue will not be reached.

■ Under Ohio law, " '[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.' " *Yeager v. Local Union 20,* 6 Ohio St.3d 369, 374, 453 N.E.2d 666 (1983)(citing Restatement (Second) of Torts 77 § 46(1) (1965)).

To establish a claim for intentional infliction of emotional distress, the plaintiff must show the following elements:

1) that the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff; 2) that the actor's conduct was so extreme and outrageous as to go "beyond all possible bounds of decency" and was such that it can be considered as "utterly intolerable in a civilized community"; 3) that the actor's actions were the proximate cause of plaintiff's psychic injury; and 4) that the mental anguish suffered by plaintiff is serious and of a nature that "no reasonable man could be expected to endure it."

*Tschantz v. Ferguson,* 97 Ohio App.3d 693, 702, 647 N.E.2d 507 (1994) (citations omitted).

DeLoach makes the following allegations against the individual defendants with respect to her intentional infliction of emotional distress claim:

On or about June 1994, Plaintiff was subjected to racially disparaging and denigrating comments regarding her relationship with a black male co-worker by Defendant Gloria Cervelli. On or about February 1991, Plaintiff was subjected to racially disparaging and denigrating comments regarding her relationship with a black male co-worker by Defendant Marilyn May. On or about September 1994, Plaintiff was subjected to racially disparaging and denigrating comments regarding her relationship with a black male co-worker by Defendant Jamie Flagg.

(Cmpl.¶ 17.)

DeLoach makes the following allegations against the Red Cross with respect to her intentional infliction of emotional distress claim:

On or about July, 1994, Defendant Red Cross began harassing Plaintiff because of her common law marriage to the black male co-worker, Jacob DeLoach.

On or about December 1994 Plaintiff was given an overall performance evaluation of "needs improvement" for the period of November 1993–December 1994.

On or about May 11, 1994, Plaintiff was terminated allegedly because Plaintiff had signed another worker's initials on a regulated document and had poor attendance.

As a direct and proximate result of Defendants' conduct as set forth above, Plaintiff has suffered a loss of compensation and loss of reputation, humiliation, embarrassment, loss of self-esteem and loss of time and money endeavoring to protect herself from Defendants' unlawful discrimination, including costs and attorneys fees.

(Cmpl.¶¶ 9, 12, 14, 20.)

Even construing these allegations in the complaint in DeLoach's favor, she fails to state a claim for intentional infliction of emotional distress. There is no showing that the actions of defendants, if true, rise to the level of outrageousness required to establish a claim for intentional infliction of emotional distress. Therefore, Counts IV and V, which allege intentional infliction of emotional distress, are dismissed.

### IV. Conclusion

For the foregoing reasons, defendants' motion to dismiss Count II is denied and defendants' motion to dismiss Counts IV and V is granted. Accordingly, the Court will enter an order of partial dismissal, dismissing Counts IV and V. This case shall proceed to trial on Counts I–III and VI.

### ORDER OF PARTIAL DISMISSAL

The Court, having previously entered its memorandum of opinion and order granting defendants American Red Cross, et al.'s motion to dismiss, in part, hereby dismisses Counts IV and V of plaintiff Angela DeLoach's complaint. This case shall proceed to trial on Counts I–III and VI.