KIRKHART, APPELLEE, *v.* KEIPER ET AL., APPELLANTS.

[Cite as *Kirkhart v. Keiper*, 101 Ohio St.3d 377, 2004-Ohio-1496.]

(No. 2003–0046—Submitted December 2, 2003—Decided April 14, 2004.)

FRANCIS E. SWEENEY, SR., J.

{¶ 1} On April 28, 1997, Beverly Kirkhart, plaintiff-appellee, filed suit in federal court against the Portage County Commissioners, including defendants-appellants Christopher Smeiles and Charles Keiper. Her complaint alleged federal claims of sex discrimination, handicap discrimination, and retaliation. The jury found in Kirkhart's favor. She was awarded $940,000 in damages, reinstated, and given back pay and benefits. Pursuant to federal law, the trial court placed a $300,000 cap on the damage award.

{¶ 2} Subsequently, on February 8, 2000, Kirkhart filed the instant suit in state court against Smeiles, Keiper, and Jon Barber, in their individual capacities.[1] She alleged state-law claims under R.C. 4112.99 of sex discrimination, handicap discrimination, and retaliation. Appellants filed a motion for summary judgment, arguing that appellee's claims were barred by res judicata. The trial court agreed and granted summary judgment in favor of appellants. The court of appeals reversed, finding that res judicata did not apply. The court reasoned that there was no privity between the parties, since appellants were first sued in

---

1. Jon Barber is not a party to this appeal.

their official capacities in federal court and later sued in their individual capacities in state court.

{¶ 3} The cause is before the court upon the acceptance of a discretionary appeal.

{¶ 4} In this appeal, we are asked to decide whether res judicata bars appellee from pursuing her state-law causes of action against the defendants in their individual capacities.

{¶ 5} Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus. Res judicata promotes the principle of finality of judgments by requiring plaintiffs to present every possible ground for relief in the first action. *Natl. Amusements, Inc. v. Springdale* (1990), 53 Ohio St.3d 60, 62, 558 N.E.2d 1178.

{¶ 6} The state-law claims asserted in the instant lawsuit (sex discrimination, handicap discrimination, and retaliation for filing a discrimination claim) parallel those brought in federal court, for which appellee has already been compensated. Appellee argues that she was unable to pursue her state-law claims against the commissioners in their individual capacities in the prior lawsuit because at that time, in April 1997, there was no cause of action for individual liability under either the federal law or R.C. Chapter 4112. She asserts that it was not until we decided *Genaro v. Cent. Transport, Inc.* (1999), 84 Ohio St.3d 293, 703 N.E.2d 782, in 1999, that a cause of action existed for pursuing claims of individual liability for violations of R.C. Chapter 4112.

{¶ 7} This argument lacks merit. A number of appellate and federal courts in Ohio had held that individual liability did exist prior to 1997. See, e.g., *DeLoach v. Am. Red Cross* (N.D.Ohio 1997), 967 F.Supp. 265, 268; *Griswold v. Fresenius USA, Inc.* (N.D.Ohio 1997), 964 F.Supp. 1166, 1169–1171; *Davis v. Black* (1991), 70 Ohio App.3d 359, 370, 591 N.E.2d 11. We acknowledged this fact in *Genaro*, 84 Ohio St.3d at 297, 703 N.E.2d 782, when we stated: "[W]hile this court has not previously spoken on this issue, three decisions from the courts of appeals of this state have held that liability may be imposed against supervisors and managers in their individual capacity for conduct in violation of R.C. Chapter 4112." Even if no courts had yet acknowledged the right to sue officials in their individual capacities, the right was conferred by statute, not court decisions. Under these circumstances, appellee clearly could have asserted any claims against the commissioners in their individual capacities in the prior action.

{¶ 8} This does not end our analysis, however. We must still determine whether the failure to present all claims in the first lawsuit precludes appellee from asserting these claims in the present lawsuit. At issue is whether there is

an identity of parties in the two actions. In order to invoke res judicata, one of the requirements is that the parties to the subsequent action must be identical to or in privity with those in the former action. *Johnson's Island, Inc. v. Danbury Twp. Bd. of Trustees* (1982), 69 Ohio St.2d 241, 243, 23 O.O.3d 243, 431 N.E.2d 672. We have previously stated that "[w]hat constitutes privity in the context of *res judicata* is somewhat amorphous." *Brown v. Dayton* (2000), 89 Ohio St.3d 245, 248, 730 N.E.2d 958. We have applied a broad definition to determine whether the relationship between the parties is close enough to invoke the doctrine. Id. Thus, "a mutuality of interest, including an identity of desired result," may create privity. Id.

{¶ 9} In determining whether to invoke the doctrine of res judicata, we must decide whether there is privity between the defendants. In arguing that privity exists, appellants initially contend that they were being sued in both lawsuits in their individual capacities. For support, they claim that in the federal lawsuit, they were named as individuals and the prayer asked for judgment against the defendants, jointly and severally. (Defendants did not support this claim with evidence acceptable under Civ.R. 56. They merely attached to a late-filed reply brief a document purporting to be the federal complaint.) Alternatively, appellants argue that even if they were not sued in their individual capacities in the prior lawsuit, there is still privity because the litigation arises out of the same conduct and the alleged wrongdoing stems solely from conduct in their official duties.

{¶ 10} In contrast, appellee contends that there is no privity. She argues that in the prior lawsuit, the defendants were being sued in their official capacities, whereas in the present lawsuit they are being sued in their individual capacities. Thus, appellee maintains that the defendants are essentially different real parties in interest and that res judicata does not apply, since litigation against individuals in one capacity does not preclude relitigation in another capacity.

{¶ 11} Even assuming that the defendants were named as individuals in the prior lawsuit and the prayer sought joint and several liability, we conclude that these facts alone do not demonstrate that the defendants were being sued in their individual capacities. The mere mentioning of joint and several liability does not necessarily provide notice in a federal lawsuit that a plaintiff is seeking damages directly from the named individual defendants. *Nix v. Norman* (C.A.8, 1989), 879 F.2d 429, 431. Moreover, even if we were to accept defendant's improper submission of the federal complaint, paragraph two of the complaint alleged: "Defendants are the County Commissioners for Portage County, and at all times pertinent herein, were acting on behalf of or in the interests of Portage County." Clearly, the individuals named were being sued in their official capacities, not in their individual capacities, as appellants contend.

{¶ 12} With this in mind, we consider whether the defendants, first sued in their official capacities and then sued in their individual capacities, are in privity. We recognize that some courts have taken the position urged by appellee that " 'litigation in one capacity, individual or representative, does not preclude relitigation in a different capacity, individual or representative.' " *Hussey v. Aetna Life Ins. Co.* (1995), 104 Ohio App.3d 6, 10, 660 N.E.2d 1228, quoting Wright, Miller & Cooper, Federal Practice and Procedure, Jurisdiction (1981), Section 4454; see, also, *Andrews v. Daw* (C.A.4, 2000), 201 F.3d 521, 526; *Headley v. Bacon* (C.A.8, 1987), 828 F.2d 1272, 1279.

{¶ 13} Nevertheless, we find more persuasive those decisions that hold otherwise. Under this position, res judicata is applied where the defendants are sued in both capacities if the alleged impropriety stems solely from acts performed in the defendant's official capacity. Thus, if the complaint does not allege that the individuals committed any improper acts separate and apart from acts performed in their official capacities, then the plaintiff is barred from pursuing his or her second lawsuit. *Brown v. Osier* (Me.1993), 628 A.2d 125, 128–129. As stated by the court in *Lamb v. Geovjian* (1996), 165 Vt. 375, 380, 683 A.2d 731, "when a party is sued as an individual for actions taken solely in her official role, res judicata may not be circumvented." The underlying rationale is that " 'a party cannot escape the rule of *res judicata* through expansive pleading.' " *Brown v. Osier,* 628 A.2d at 128, quoting *Cohen v. Shea* (D.Mass.1992), 788 F.Supp. 66, 68.

{¶ 14} Here, the claims asserted in both complaints are based upon the same conduct, and all of the alleged wrongdoing stems from conduct by the defendants in their official roles. In fact, as the trial court so aptly noted, *"all of the acts of* Smeiles and Keiper arose exclusively in their exercise of official duties and responsibilities as an employer, *albeit* a governmental employer. The acts about which Plaintiff complains were Smeiles's and Keiper's decisions to not give her the dog warden's rate of pay, not accommodating her disability, appointing Jon Barber rather than herself as dog warden, and discharging her from employment. All of these acts were taken—*and could only have been taken*—in the exercise of their official duties and responsibilities as public officials and due to the official position that Smeiles and Keiper occupied as public officials. None of these acts could have been taken by Smeiles and Keiper had they been acting in a personal capacity as mere citizens. Thus, all of the defenses, legal rights, and interests of Smeiles and Keiper, whether official or personal, are identical between the two lawsuits." (Emphasis added.) The trial court therefore concluded that privity existed and that res judicata applied.

{¶ 15} We agree with the rationale of the trial court and hold that for purposes of res judicata, privity between defendants is established where a plaintiff brings two lawsuits against the same public officials for acts performed in their official

roles, even though the defendants are sued in their official capacities in one lawsuit and in their individual capacities in the other. Applying this principle to this case, we find that all of the acts of the commissioners were performed in their official capacities. Moreover, Kirkhart was seeking redress in both causes of action for the same discriminatory acts and was alleging similar causes of action against the appellants. Clearly, under these circumstances, there is a mutuality of interest between the commissioners as office holders and as individuals. Therefore, we find that privity exists for res judicata purposes. Thus, appellee should have included the present claims in her federal lawsuit. The failure to do so precludes her from asserting them at this juncture. Accordingly, we reverse the judgment of the court of appeals.

Judgment reversed.

MOYER, C.J., LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

RESNICK and PFEIFER, JJ., dissent.

---

Thompson Law Offices, Dennis R. Thompson and Christy B. Bishop, for appellee Beverly Kirkhart.

Buckingham, Doolittle & Burroughs and Vincent J. Tersigni; Mazanec, Raskin & Ryder Co., L.P.A., John T. McLandrich and Todd M. Raskin, for appellant Charles Keiper.

Tzangas, Plakas, Mannos & Recupero and James McHugh; Mazanec, Raskin & Ryder Co., L.P.A., John T. McLandrich and Todd M. Raskin, for appellant Christopher Smeiles.

Downes, Hurst & Fishel, Marc A. Fishel and Dolores F. Torriero, urging reversal for amicus curiae County Commissioners' Association of Ohio and County Risk Sharing Authority.

Barry M. Byron, Stephen L. Byron and John Gotherman, urging reversal for amici curiae Ohio Municipal League and the Ohio Township Association.