[Cite as *Richardson v. Ohio Dept. of Rehab. & Corr.*, 2017-Ohio-7023.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| NATHANIEL J. RICHARDSON, JR., | : | |
| | | CASE NO. CA2017-03-008 |
| Plaintiff-Appellant, | : | |
| | | O P I N I O N |
| | : | 7/31/2017 |
| - vs - | | |
| | : | |
| OHIO DEPARTMENT OF | : | |
| REHABILITATION AND | | |
| CORRECTION, | : | |
| | | |
| Defendant-Appellee. | : | |

CIVIL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CVH20160234

Nathaniel J. Richardson, Jr., #A426969, North Central Correctional Complex, 670 Marion-Williamsport Road, Marion, Ohio 43302, plaintiff-appellant, pro se

Mike DeWine and Zachary R. Huffman, Criminal Justice Section-Corrections Unit, 150 East Gay Street, 16th Floor, Columbus, Ohio 43215, for defendant-appellee

**S. POWELL, P.J.**

{¶ 1} Plaintiff-appellant, Nathaniel Richardson, an inmate currently incarcerated in the North Central Correctional Complex, appeals from the Madison County Court of Common Pleas decision granting a motion to dismiss his complaint against defendant-appellee, the

Ohio Department of Rehabilitation and Correction ("ODRC").[1]  For the reasons outlined below, we affirm.

{¶ 2}  In support of his appeal, Richardson argues ODRC unlawfully withdrew funds from his prison account to pay filing fees imposed by the Federal District Court for the Northern District of Ohio, Western Division, in a lawsuit filed by Richardson claiming various individuals used excessive force against him while he was incarcerated in the Toledo Correctional Institution.  Similarly to his case against ODRC at issue here, Richardson's prior lawsuit, in which he was permitted to proceed in forma pauperis in the Federal District Court, was ultimately dismissed.

{¶ 3}  Richardson now appeals from the trial court's decision granting ODRC's motion to dismiss, raising three assignments of error for review.

{¶ 4}  Assignment of Error No. 1:

{¶ 5}  THE TRIAL COURT ERRED IN RULING THAT RICHARDSON'S CLAIMS ARE BARRED BY RES JUDICATA.

{¶ 6}  Assignment of Error No. 2:

{¶ 7}  THE TRIAL COURT ERRED IN RULING THAT RICHARDSON MUST PAY THE FEDERAL FILING FEE PURSUANT TO 28 U.S.C. SECTION [sic] 1915.

{¶ 8}  Assignment of Error No. 3:

{¶ 9}  THE TRIAL COURT ERRED IN FAILING TO FIND THAT RICHARDSON HAS STATED CLAIMS UPON WHICH RELIEF MAY BE GRANTED.

{¶ 10} Richardson's three assignments of error, which generally allege the trial court's decision to grant ODRC's motion to dismiss was improper, lack merit and are overruled.  As the trial court properly determined, Richardson's claims are barred by the doctrine of res

---

1. Pursuant to Loc.R. 6(A), we hereby sua sponte remove this case from the accelerated calendar for purposes of issuing this opinion

judicata since his claims have either already been decided by the Federal District Court or could have been raised in the Federal District Court. "A judgment rendered by a federal court of competent jurisdiction is given res judicata effect in the courts of Ohio." *Federated Mgmt. Co. v. Latham & Watkins*, 138 Ohio App.3d 815, 822 (10th Dist.2000); *Kirkhart v. Keiper*, 101 Ohio St.3d 377, 2004-Ohio-1496, ¶ 5 ("Res judicata promotes the principle of finality of judgments by requiring plaintiffs to present every possible ground for relief in the first actions").

{¶ 11} Despite this, Richardson argues that because he named different parties in this lawsuit, when compared to his lawsuit filed with the Federal District Court, res judicata cannot apply. However, as noted by the Ohio Supreme Court, res judicata also extends to parties and those in privity with those parties. For instance, the supreme court held:

> [w]hat constitutes privity in the context of res judicata is somewhat amorphous. A contractual or beneficiary relationship is not required: In certain situations * * * a broader definition of privity is warranted. As a general matter, privity is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within res judicata.

(Internal citations omitted.) *Brown v. Dayton*, 89 Ohio St.3d 245, 2000-Ohio-148, ¶ 3-4.

{¶ 12} In this case, as the Federal District Court stated, because Richardson proceeded in forma pauperis in his lawsuit alleging excessive force, Richardson became responsible for paying the filing fees from the moment his complaint was filed. *See* 28 U.S.C. 1915(b) ("if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee"); *see also* R.C. 2969.22. We agree with the Federal District Court. Therefore, just as the trial court found, ODRC is "simply following the legally binding Order of the Federal District Court." Richardson's claim otherwise is without merit.

{¶ 13} Nevertheless, Richardson argues that 28 U.S.C. 1915(b) carries with it a

presumption that his lawsuit was brought properly, but because he failed to sign an authorization form, ODRC is unable to collect any money from his prison account.

{¶ 14} Richardson's argument is without merit as it is based on the incorrect reading that 28 U.S.C. 1915(b) applies only to those cases that were properly commenced. However, as noted by Ohio Supreme Court, "in construing a statute, [a court] may not add or delete words." *In re Application of Columbus Southern Power Co*, 147 Ohio St.3d 439, 2016-Ohio-1608, ¶ 49. Richardson's argument essentially asks this court to add language to 28 U.S.C. 1915(b) limiting that statute to those cases that are properly filed. We decline Richardson's invitation and find no error in the trial court's decision to grant ODRC's motion to dismiss. Again, by taking money out of Richardson's prison account, ODRC is "simply following the legally binding Order of the Federal District Court." Accordingly, having found no merit to any of the arguments Richardson raised herein, Richardson's three assignments of error are overruled.

{¶ 15} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.