DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Shah Alam, appeals from the judgment of the Summit County Court of Common Pleas which granted summary judgment to Appellees, Chemstress Consultant Co. (Chemstress) and Robert Handelman. We affirm.
 {¶ 2} Chemstress employed Appellant as a mechanical engineer until May 2, 2000, when Chemstress laid him off due to a lack of work. Subsequently, in June 2000, Chemstress completely terminated Appellant's employment. Following his termination, Appellant filed a suit against Appellees alleging disability discrimination, retaliation, and intentional infliction of emotional distress. Appellants filed a motion for summary judgment on March 9, 2004, which the trial court granted. Appellant timely appealed, raising two assignments of error for our review.
 Assignment of Error I
"The trial court erred by granting [Appellees'] Motion for Summary Judgment on Appellant's claim for Wrongful Discharge."
 Assignment of Error II
"The trial court erred by granting [Appellees'] Motion for Summary Judgment on Appellant's claim for Intentional Infliction of Emotional Distress."
 {¶ 3} In his assignments of error, Appellant alleges that the trial court erred by granting summary judgment to Appellees on two claims: wrongful discharge and intentional infliction of emotional distress. Appellant argues that he offered evidence showing that he was handicapped, could safely and substantially perform his job with some accommodation, yet still suffered an "adverse employment action" due to his handicapped status. He further asserts that Appellees' actions in luring him back to work when he was disabled caused him serious mental anguish and depression, as well as the loss of his job. We disagree with Appellant's contentions.
A. Summary Judgment Standard
 {¶ 4} Summary judgment is proper under Civ. R. 56(C) if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
This court reviews the trial court's grant of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Any doubt must be resolved in the favor of the non-moving party. Viock v.Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12.
 {¶ 5} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and is to identify portions of the record that demonstrate the absence of genuine issues of material fact as to an essential element of the non-moving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The burden then shifts to the non-moving party to offer "specific facts showing that there is a genuine issue for trial." Id. See, also, Civ. R. 56(E). The non-moving party may not rest on the mere allegations and denials in the pleadings, but must submit some evidentiary material showing a genuine dispute over the material facts. Dresher, 75 Ohio St.3d at 293.
B. Wrongful Discharge
 {¶ 6} In order to prevail on a claim for wrongful discharge in violation of R.C. 4112.02(A), Appellant must show that he (1) was handicapped; (2) suffered an adverse employment action at least in part due to his handicap; and (3) could safely and substantially perform all essential functions of the job. Hood v. Diamond Products, Inc. (1996),74 Ohio St.3d 298, 302. Once Appellant establishes a prima facie case of wrongful discharge due to disability, the burden shifts to Appellees to offer a legitimate, nondiscriminatory reason for their action. Id. If they offer such a reason, the burden shifts back to Appellant to demonstrate that the reason is actually pretext for impermissible discrimination. Id.
 {¶ 7} Appellees offered evidence on summary judgment that they were required to lay off Appellee due to a lack of work. From 1998 to 2002, Chemstress laid off almost forty percent of its work force, including multiple individuals who had more seniority than Appellant. Appellant even admitted that he was laid off due to a lack of work following a temporary project. Appellees have indicated that they are willing to request Appellant's services in the future if work should become available. Appellant, on the other hand, has offered no evidence illustrating that Appellees' economic rationale, whether for layoff or arguably for termination, was a pretext for disability discrimination. Such an argument was not even entertained in his Brief in Opposition to Appellees' motion for summary judgment. The trial court, therefore, properly granted summary judgment as Appellant failed to offer any evidence that Appellees economic reasoning was mere pretext. See Brockv. Gen. Elec. Co. (1998), 125 Ohio App.3d 403, 408-410. Accordingly, we overrule Appellant's first assignment of error.
C. Intentional Infliction of Emotional Distress
 {¶ 8} To prevail on an intentional infliction of emotional distress claim, Appellant must show:
 "1) that [Appellees] either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to [Appellant]; 2) that [Appellees'] conduct was so extreme and outrageous as to go `beyond all possible bounds of decency' and was such that it can be considered as `utterly intolerable in a civilized community'; 3) that [Appellees'] actions were the proximate cause of [Appellant's] physic injury; and 4) that the mental anguish suffered by [Appellant] is serious and of a nature that `no reasonable man could be expected to endure it.'" (Internal citations omitted.) Pyle v. Pyle (1983), 11 Ohio App.3d 31, 34. See, also, Jarvis v. Gerstenslager Co., 9th Dist. Nos. 02CA0047 and 02CA0048, 2003-Ohio-3165, at ¶ 67
Emotional distress suffered by a party must be both severe and debilitating to recover damages under an intentional infliction of emotional distress claim. Paugh v. Hanks (1983), 6 Ohio St.3d 72, 78.
 {¶ 9} Appellant specifically argues that Appellees intentionally caused him emotional distress by luring him back to work in early 2000 while he was disabled so that Appellees could stop paying premiums for his disability benefits.[1] However, Appellant has offered no evidence that he has suffered serious emotional injury which would be both severe and debilitating due to Appellees' alleged acts. Appellant has not sought the care of a psychologist or psychiatrist. See Katterhenrich v. Fed.Hocking Local School (1997), 121 Ohio App.3d 579, 590. The only evidence he offered on summary judgment of emotional injury was a medical patient evaluation indicating that Appellant was "depressed and down" two years prior to Appellees' allegedly improper acts. Appellant has failed to offer any evidence that he suffered from severe and debilitating emotional injury due to any acts of Appellees. Accordingly, we overrule Appellant's second assignment of error.
 {¶ 10} We overrule Appellant's assignments of error and affirm the judgment of the Summit County Court of Common Pleas.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, J. Batchelder, J. Concur.
[1] According to the record before this Court, this is not accurate. The payment of disability benefits to Appellant is in no way contingent upon continued premium payments by Appellees. Lifetime benefits had already vested under previously paid premiums.