[Cite as *Price v. Carter Lumber Co.*, 2012-Ohio-6109.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

GERALD PRICE

    Appellant

    v.

CARTER LUMBER CO., et al.

    Appellees

C.A. No.     26243

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2006-05-3098

DECISION AND JOURNAL ENTRY

Dated: December 26, 2012

CARR, Judge.

{¶1} Appellant Gerald Price appeals the judgment of the Summit County Court of Common Pleas. This Court reverses and remands.

I.

{¶2} This matter arises out of allegations by Mr. Price that he was laid off and refused rehiring by his supervisor, appellee Jim Collins, at Carter Lumber because of a disability arising out of medical issues. The case returns to this Court on appeal from the trial court's entry of summary judgment in favor of Mr. Collins after our prior remand to the trial court to address Mr. Price's claims against his supervisor in his individual capacity. *Price v. Carter Lumber Co.*, 9th Dist. No. 24991, 2010-Ohio-4328.

{¶3} We reiterate the relevant procedural history as follows:

The Equal Employment Opportunity Commission filed a complaint against Carter in federal district court, making claims on behalf of Mr. Price under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of

1991. The Commission averred that Carter discriminated against Mr. Price by denying him employment because of his disability.

Mr. Price filed his own federal complaint against both Carter and Mr. Collins. He averred a disability discrimination claim against Carter under the Americans with Disabilities Act, a similar state-law claim against both Carter and Mr. Collins under Chapter 4112 of the Ohio Revised Code, and a claim against both Carter and Mr. Collins for intentional infliction of emotional distress. The district court consolidated the two federal cases and dismissed Mr. Price's claims against Mr. Collins, both of which were based on state law, without prejudice.

Mr. Price later sued Carter and Mr. Collins in the Summit County Common Pleas Court for disability discrimination under Chapter 4112 of the Ohio Revised Code, intentional infliction of emotional distress, and violation of public policy. In their answers, Carter and Mr. Collins asserted defenses including "waiver, collateral estoppel, and/or issue preclusion and/or claim preclusion." Four months later, the parties tried the federal case.

Following a trial limited to the federal disability discrimination claim against Carter, the jury returned a verdict, supported by interrogatory responses, in favor of Carter and against Mr. Price and the Commission. While post-judgment motions remained pending in federal court, Carter and Mr. Collins moved the common pleas court to continue the trial of the state claims until after the district court's judgment would become final and res judicata would apply. Mr. Price opposed that motion, arguing that different standards apply to the state and federal claims and that, therefore, res judicata would not bar his state claims. The common pleas court denied the requested continuance.

Carter and Mr. Collins moved the common pleas court to reconsider its denial of the requested continuance. They included with their motion certified copies of jury interrogatories from the federal case, the federal court's journal entry announcing the verdict against Mr. Price, and Mr. Price's federal complaint. The common pleas court granted the motion to reconsider, cancelled the trial, and placed the case on the court's inactive docket.

When the common pleas court reactivated the case, Carter and Mr. Collins moved for summary judgment, arguing that, due to the preclusive effect of the federal jury interrogatory responses, Mr. Price was barred from pursuing his state-law claims against them. Following Mr. Price's response to that motion, the common pleas court denied summary judgment on the disability discrimination and intentional infliction of emotional distress claims, but granted Carter and Mr. Collins summary judgment on the violation of public policy claim. After the case was transferred to a new trial judge, Carter and Mr. Collins moved for reconsideration of the denial of summary judgment on the disability discrimination and intentional infliction of emotional distress claims. The new judge refused to reconsider, determining that Carter and Mr. Collins had not presented any evidence that the first common pleas judge had not considered.

> Later, the new judge sua sponte reconsidered the motion for summary judgment. She then granted summary judgment to Carter based on claim preclusion and to Mr. Collins based on a determination that Mr. Price had failed to state a separate claim against him in his individual capacity.

*Price* at ¶ 2-7. We emphasize that neither state-law claim (disability discrimination and intentional infliction of emotional distress) was litigated against Mr. Collins in the federal court. Moreover, although the federal district court did not dismiss Mr. Price's state-law disability discrimination claim against Carter, we recognized that "both parties agree that no state-law claims were tried to the federal jury." *Id.* at ¶ 16. In addition, Mr. Price did not aver a claim against Mr. Collins under the Americans with Disabilities Act.

{¶4} This Court affirmed the trial court's award of summary judgment in favor of Carter on the basis of claim preclusion. *Id.* at ¶ 20. We reversed the trial court's award of summary judgment in favor or Mr. Collins, however, because the trial court erroneously determined that (1) Mr. Price failed to allege a claim of intentional infliction of emotional distress against him, and (2) Mr. Price failed to state a claim of disability discrimination against him in his individual capacity. *Id.* at ¶ 23 and 25.

{¶5} On remand, Mr. Collins filed a renewed motion for summary judgment, in which he argued that the claim of disability discrimination was barred by issue preclusion. Moreover, he argued that Mr. Price could not establish a prima facie case of intentional infliction of emotional distress. Mr. Price filed a response in opposition. The trial court granted summary judgment in favor of Mr. Collins on both claims on the basis of issue preclusion. Mr. Price filed a timely appeal in which he raises two assignments of error.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHEN IT RULED THAT THE DISABILITY DISCRIMINATION CLAIM UNDER CHAPTER 4112 OF THE OHIO REVISED CODE AND THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM AGAINST JIM COLLINS ARE BARRED BASED ON ISSUE PRECLUSION.

{¶6} Mr. Price argues that the trial court erred by granting summary judgment in favor of Mr. Collins on the claims of disability discrimination and intentional infliction of emotional distress on the basis of issue preclusion. This Court agrees.

{¶7} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶8} Pursuant to Civ.R. 56(C), summary judgment is proper if:

No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶9} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere

allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

{¶10} Issue preclusion, or collateral estoppel, "will preclude the relitigation of a fact or point that was actually and directly at issue in a previous proceeding between the same parties or their privies, and was passed upon and determined by a court of competent jurisdiction." *Robinson v. Springfield Local School Dist. Bd. of Edn.*, 9th Dist. No. 20606, 2002 WL 462860 (Mar. 27, 2002). "It is not enough that a similar issue * * * was litigated and decided * * *. For collateral estoppel to bar the relitigation of an issue, precisely the *same* issue must have previously been litigated and decided." (Emphasis in original.) *Thompson v. Wing*, 70 Ohio St.3d 176, 185 (1994). "The main legal thread which runs throughout the determination of the applicability of * * * collateral estoppel[] is the necessity of a fair opportunity to fully litigate and to be 'heard' in the due process sense. Accordingly, an absolute due process prerequisite to the application of collateral estoppel is that the party asserting the preclusion must prove that the identical issue was actually litigated, directly determined, and essential to the judgment in the prior action. Collaterally estopping a party from relitigating an issue previously decided against it violates due process where it could not be foreseen that the issue would subsequently be utilized collaterally, and where the party had little knowledge or incentive to litigate fully and vigorously in the first action due to the procedural and/or factual circumstances presented therein." (Internal citations omitted.) *Goodson v. McDonough Power Equipment, Inc.*, 2 Ohio St.3d 193, 200-201 (1983).

{¶11} Moreover, "collateral estoppel operates only where all of the parties to the present proceeding were bound by the prior judgment." *Id.* at paragraph one of the syllabus. "There being the general requisite of an identity of persons and parties, or their privies, within the prior proceeding in order for the judgment or decree to operate as an estoppel, strangers to such a judgment or decree will not be affected thereby." *Id.* at 196. Because Mr. Collins was not a party to the federal case, all claims against him having been dismissed without prejudice by the district court, collateral estoppel will preclude relitigation of Mr. Price's claims only if Mr. Collins was in privity with Carter.

{¶12} The concept of privity has been described as "amorphous." *Kirkhart v. Keiper*, 101 Ohio St.3d 377, 2004-Ohio-1496, ¶ 8, quoting *Brown v. Dayton*, 89 Ohio St.3d 245, 248 (2000). It may exist when the party and other individual, here Carter and Mr. Collins, "have mutual interests, including the same desired result." *Robinson, supra*, citing *Deaton v. Burney*, 107 Ohio App.3d 407, 413 (2d Dist.1995). Furthermore, privity may exist when an interest in the result is coupled with active participation in the original lawsuit. *State ex rel. Schachter v. Ohio Pub. Emps. Retirement Bd.*, 121 Ohio St.3d 526, 2009-Ohio-1704, ¶ 34. The preclusion "'applies likewise to those in privity with the litigants and to *those who could have entered the proceeding but did not avail themselves of the opportunity*.'" (Emphasis added.) *Id.* at ¶ 35, quoting *Howell v. Richardson*, 45 Ohio St.3d 365, 367 (1989). Moreover, mutuality will exist only if "'the person taking advantage of the judgment would have been bound by it had the result been the opposite. Conversely, a stranger to the prior judgment, being not bound thereby, is not entitled to rely upon its effect[.]'" *Schachter* at ¶ 34, quoting *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007-Ohio-1102, ¶ 9. In the absence of mutuality or identity of parties in

both cases, issue preclusion is inapplicable. *Kirkhart v. Keiper*, 101 Ohio St.3d 377, 2004-Ohio-1496, ¶ 8.

Disability Discrimination

{¶13} Although Mr. Price's claims against both Carter and Mr. Collins fell under the broad umbrella of disability discrimination, this Court previously recognized that Mr. Price alleged a claim of disability discrimination against Mr. Collins in his individual capacity. In fact, the complaint contained additional, distinct allegations against Mr. Collins, notwithstanding the fact that the claim was identified as a disability discrimination claim against both parties. To prevail on such a claim, Mr. Price generally must prove that Mr. Collins was an employer who discharged him without cause or refused to rehire him because of his disability. R.C. 4112.02(A). To establish a prima facie case, Mr. Price must prove "1) he is disabled; 2) he suffered an adverse employment action at least in part due to his handicap; and 3) that he could safely and substantially perform all essential functions of the job." *Stembridge v. Summit Acad. Mgt.*, 9th Dist. No. 23083, 2006-Ohio-4076, ¶ 22, citing *Hood v. Diamond Products, Inc.*, 74 Ohio St.3d 298, 302 (1996). It is not disputed that Mr. Collins, as a "person acting directly or indirectly in the interest of [Carter]," was an employer pursuant to R.C. 4112.01(A)(2).

{¶14} In this case, the trial court erred by finding that Mr. Price was precluded from litigating his disability discrimination claim against Mr. Collins on the basis of issue preclusion because Mr. Collins was not in privity with Carter. Accordingly, the jury's findings in the federal case did not resolve the issues relevant to Mr. Price's claim against Mr. Collins.

{¶15} In reliance on *Genaro v. Cent. Transp., Inc.*, 84 Ohio St.3d 293, 296 (1999), this Court acknowledged in *Price*, 2010-Ohio-4328, ¶ 25, that supervisors and managers may be held individually liable pursuant to R.C. Chapter 4112 for their own discriminatory actions. Because

R.C. 4112.01(A)(2) defines "employer" to include "any person acting directly or *indirectly* in the interest of an employer[,]" (emphasis added), it is conceivable that a finder of fact may find a supervisor liable for discriminatory conduct at the same time it finds the company not liable under the statute, where the supervisor was found to be acting in disregard of company policies. The converse may also be true; a company may be found liable for discriminatory acts, while a supervisor may be absolved of personal liability where his conduct did not form the basis of the discrimination.

{¶16} In this case, Carter was not found liable for violating the Americans with Disabilities Act based on the following findings by the district court jury: (1) Mr. Price was a disabled person within the provisions of the Americans with Disabilities Act; (2) Mr. Price did not request any accommodations at the time he was terminated or laid off; (3) Mr. Price's necessary accommodations were not so evident to Carter that he did not need to make a specific request for them; (4) Carter required previously terminated or laid off employees to submit an application in order to be considered for full-time reemployment; (5) Mr. Price did not submit an application for full-time reemployment in 2003; and (6) Mr. Price did not seek, by direct or indirect means, a continuation of or return to employment with Carter in 2003.

{¶17} Mr. Collins was not a party to the federal case, and the district court did not issue any judgment in regard to the state-law discrimination claim against Carter. While Carter desired a result absolving it of liability, such a result would not have necessarily absolved Mr. Collins of personal liability for his own discriminatory actions. Moreover, had the district court jury found Carter liable, we cannot say that Mr. Collins would have been bound by that judgment, not having had a full and fair opportunity to defend, given that the district court dismissed all claims against him. *See Schachter* at ¶ 34. More importantly, Mr. Price had no

opportunity to litigate his claims against Mr. Collins in his individual capacity. This is not the case where Mr. Price could have joined Mr. Collins in the proceeding but simply did not avail himself of that opportunity. *See id.* at ¶ 35. Rather, he attempted to litigate all his claims against both Carter and Mr. Collins at the same time, but the district court dismissed without prejudice all his claims against Mr. Collins. Under these circumstances, this Court concludes that Mr. Collins did not share an identity of interests with Carter in the federal litigation. As the two were not in privity, the trial court erred in granting summary judgment in favor of Mr. Collins in regard to the disability discrimination claim on the basis of issue preclusion.

Intentional infliction of emotional distress

{¶18} To prevail on a claim for intentional infliction of emotional distress, Mr. Price had to prove: "'1) that [Mr. Collins] either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to [Mr. Price]; 2) that [Mr. Collins'] conduct was so extreme and outrageous as to go "beyond all possible bounds of decency" and was such that it can be considered as "utterly intolerable in a civilized community"; 3) that [Mr. Collins'] actions were the proximate cause of [Mr. Price's] physic injury; and 4) that the mental anguish suffered by [Mr. Price] is serious and of a nature that "no reasonable man could be expected to endure it."'" *Alam v. Chemstress Consultant Co.*, 9th Dist. No. 22175, 2005-Ohio-272, ¶ 8, quoting *Pyle v. Pyle*, 11 Ohio App.3d 31, 34 (8th Dist.1983).

{¶19} The trial court granted summary judgment in favor of Mr. Collins in regard to the claim of intentional infliction of emotional distress solely on the basis of issue preclusion after finding that "[i]n light of the findings of the federal court, it is impossible to find this dismissal and failure to rehire rise to the level of 'extreme and outrageous' conduct required to sustain such a claim." Because we have already concluded that Mr. Collins was not in privity with Carter in

the federal case, issue preclusion was not applicable in this case. Moreover, none of the findings made by the federal court jury implicated any issues relevant to a cause of action for intentional infliction of emotion distress. *See Robinson, supra*.

**{¶20}** Mr. Price's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHEN IT RULED THAT NO GENUINE ISSUES OF MATERIAL FACTS REMAINED.

**{¶21}** Mr. Price argues that the trial court erred by granting summary judgment in favor or Mr. Collins because genuine issues of material fact exist.

**{¶22}** The trial court granted summary judgment in favor of Mr. Collins solely on the basis of issue preclusion. It did not review the evidence submitted by the parties in conjunction with the motion for summary judgment and response in opposition. As this Court remains a reviewing court, we will not consider the issues relevant to the motion for summary judgment in the first instance. *Harris-Coker v. Abraham*, 9th Dist. No. 26053, 2012-Ohio-4135, ¶ 4. The trial court did not analyze whether a genuine issue of material fact existed with regard to whether Mr. Price could make a prima facie case for his claims of disability discrimination and intentional infliction of emotional distress. Accordingly, this Court is compelled to reverse and remand the matter to the trial court to consider those claims in the first instance. *See Harris-Coker* at ¶ 7.

**{¶23}** Because the trial court failed to address the substance of Mr. Price's claims against Mr. Collins, the second assignment of error is sustained.

11

## III.

**{¶24}** Mr. Price's assignments of error are sustained. The judgment of the Summit County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

WHITMORE, P. J.
CONCURS.

DICKINSON, J.
DISSENTING.

{¶25} The majority's decision is incorrect for two reasons. First, mutuality is not required when a party is asserting collateral estoppel defensively. In *Goodson v. McDonough Power Equipment Inc.*, 2 Ohio St. 3d 193, the Ohio Supreme Court analyzed whether mutuality is a prerequisite to collateral estoppel. *Id*. at 196. Although rejecting "offensive nonmutual collateral estoppel," the Court noted that other cases might present exceptions to the general rule. *Id*. at 202-03. Following *Goodson*, the consensus of Ohio's appellate districts, including this district, has been that "Ohio law allows the use of non-mutual defensive collateral estoppel when a party against whom the doctrine is asserted previously had his day in court and was permitted to fully litigate the specific issue sought to be raised in a later action." *Hoover v. Transcon. Ins. Co.*, 2d Dist. No. 2003-CA-46, 2004-Ohio-72, ¶ 15, 17; *Michaels Bldg. Co. v. City of Akron*, 9th Dist. No. 13061, 1987 WL 25758, *3 (Nov. 25, 1987) ("[N]onmutuality of parties has been acceptable where it is shown that the party seeking to avoid collateral estoppel clearly had his day in court on the specific issue brought into litigation within the later proceeding."). In this case, Gerald Price had a full jury trial on the factual issues that Mr. Collins is attempting to prevent him from re-litigating. He has already had his day in court on those issues.

{¶26} The other reason that the majority's decision is incorrect is because it has analyzed only one of the ways of determining privity. It correctly acknowledges that "a mutuality of interest, including an identity of desired result, may create privity," *State ex rel. Schachter v. Ohio Pub. Employees Ret. Bd.*, 121 Ohio St. 3d 526, 2009-Ohio-1704, ¶ 34 (quoting *Kirkhart v. Keiper*, 101 Ohio St. 3d 377, 2004-Ohio-1496, ¶ 8). The Ohio Supreme Court, however, has recognized that the "concept of privity for purposes of res judicata is 'somewhat

13

amorphous.'" *Id*. at ¶ 33 (quoting *Brown v. City of Dayton*, 89 Ohio St. 3d 245, 248 (2000)). "In certain situations . . . a broader definition of 'privity' is warranted. As a general matter, privity 'is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the *res judicata*.'" *Brown*, 89 Ohio St. 3d at 248 (quoting *Bruszewski v. United States*, 181 F. 2d 419, 423 (3d Cir. 1950)). Notably, the Ohio Supreme Court has determined that "[a]n interest in the result of and active participation in the original lawsuit may also establish privity." *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St. 3d 59, 2007-Ohio-1102, ¶ 9.

{¶27} The majority has not analyzed whether Jim Collins had an interest and was an active participant in Mr. Price's federal lawsuit. Its opinion, therefore, is incomplete. Upon review of the parts of the federal case that have been made part of the record in this case, it appears that Mr. Collins was an active participant and had a strong interest in the federal case. He is a Carter Lumber store manager and was Carter Lumber's leading witness in the federal case, providing over 140 pages of testimony. In my opinion, Mr. Collins has established that he is in privity with Carter Lumber regarding the factual issues that were resolved in the federal case. I, therefore, dissent.

APPEARANCES:

EDWARD L. GILBERT, Attorney at Law, for Appellant.

THOMAS F. HASKINS, JR., Attorney at Law, for Appellee.

MICHELE MORRIS, Attorney at Law, for Appellee.