[Cite as *Flaughers v. Thomas*, 2013-Ohio-1217.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| CATHERINE L. FLAUGHERS, ADMRX. | C.A. No.    26429 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ALFRED THOMAS, et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellees | CASE No.    2006 CV 56 |

DECISION AND JOURNAL ENTRY

Dated: March 29, 2013

---

BELFANCE, Judge.

{¶1} Plaintiff-Appellant Catherine L. Flaughers, as the Administratrix of the Estate of Randall Jarvis, appeals from the denial of her motion for summary judgment by the Summit County Court of Common Pleas, Probate Division. For the reasons set forth below, we reverse.

I.

{¶2} Mr. Jarvis was found dead in a hotel in Akron and his death was later determined to be a suicide. At the time of Mr. Jarvis' death in 2004, he rented a room in Defendants-Appellees' Alfred and Kathy Thomas' home. Ms. Flaughers was Mr. Jarvis' sister and was appointed as the administratrix of Mr. Jarvis' estate. She initially filed a complaint for concealment of assets in 2005 that was voluntarily dismissed without prejudice in February 2006. Ms. Flaughers re-filed her complaint in April 2006 alleging that the Thomases concealed or conveyed away property belonging to Mr. Jarvis which included approximately $67,000 in cash which had been kept in a strong box in the Thomas residence.

{¶3}    In February 2010, the Thomases filed a suggestion of bankruptcy.  Ms. Flaughers thereafter brought an adversary proceeding against the Thomases in bankruptcy court, alleging that the Thomases took cash and jewelry worth approximately $67,000 from Mr. Jarvis' estate and asserting that, therefore, that money was a debt that should be excluded from discharge pursuant to 11 U.S.C. 523(a)(4).  The bankruptcy judge held a trial and concluded that Ms. Flaughers "demonstrated that it is more likely than not that [the Thomases] took property of the Jarvis estate by embezzlement or larceny."  The court went on to conclude that

> [t]he preponderance of the evidence presented at trial demonstrates that the [Thomases] did in fact refuse to turn over the box and its contents to [Ms.] Flaughers when they had the ability to do so.  Rather, they removed the box from [Mr. Jarvis'] rented room, removed the contents [of] the box, and concealed those contents from [Ms.] Flaughers and the Jarvis estate.  * * * [T]he [Thomases] did fraudulently and wrongfully take and carry away the property of [Mr. Jarvis] contained in the lockbox.

{¶4}    Following the order by the bankruptcy court, Ms. Flaughers moved for summary judgment based upon res judicata.  The Thomases opposed the motion.  Ultimately, the trial court denied Ms. Flaughers' motion and her subsequent motion for reconsideration.  That matter proceeded to a jury trial, after which a jury found in favor of the Thomases on Ms. Flaughers' complaint.  Following the jury verdict, Ms. Flaughers appealed the denial of her motion for summary judgment to this Court, raising a single assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR SUMMARY JUDGMENT, AS THE PARTIES WERE PRECLUDED FROM RELITIGATING THE ISSUE OF LIABILITY THAT HAD ALREADY BEEN DETERMINED BY A COURT OF COMPETENT JURISDICTION.

**{¶5}** Ms. Flaughers asserts in her sole assignment of error that the trial court erred in failing to grant her summary judgment on her claim for concealment of assets with respect to the issue of liability. We agree.

**{¶6}** Ms. Flaughers appeals from the denial of her motion for summary judgment. Generally, "any error by a trial court in denying a motion for summary judgment is rendered moot or harmless if a subsequent trial on the same issues raised in the motion demonstrates that there were genuine issues of material fact supporting a judgment in favor of the party against whom the motion was made." *Continental Ins. Co. v. Whittington,* 71 Ohio St.3d 150, 156 (1994). However, the rule is inapplicable in situations involving the denial of summary judgment based upon pure questions of law. *See id.* at 158-159; *see also Reeves v. Healy,* 192 Ohio App.3d 769, 2011-Ohio-1487, ¶ 64 (10th Dist.); *J & J Schlaegel, Inc. v. Union Twp. Bd. of Trustees,* 2d Dist. Nos. 2005-CA-31, 2005-CA-34, 2006-Ohio-2913, ¶ 50 ("*Continental* is expressly limited to cases involving questions of fact, as opposed to cases involving pure questions of law, like the issue herein."); *Miller v. Lindsay-Green, Inc.,* 10th Dist. No. 04AP-848, 2005-Ohio-6366, ¶ 31-32; *Wein v. Seaman Corp.*, 116 Ohio App.3d 189, 194 (9th Dist.1996). As the determination of whether res judicata applied to this situation involved a pure legal question, we conclude that the denial of Ms. Flaughers' motion for summary judgment is reviewable on appeal.

**{¶7}** In reviewing a trial court's ruling on a motion for summary judgment, "[w]e apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party." *Garner v. Robart*, 9th Dist. No. 25427, 2011–Ohio–1519, ¶ 8. Pursuant to Civ.R. 56(C), summary judgment is appropriate when:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a summary judgment motion, the movant bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "'must set forth specific facts showing that there is a genuine issue for trial.'" *Id.* at 293, quoting Civ.R. 56(E).

{¶8} Ms. Flaughers filed a complaint pursuant to R.C. 2109.50. At the time of the trial court's ruling, R.C. 2109.50 provided in part that:

> Upon complaint made to the probate court of the county having jurisdiction of the administration of a trust estate or of the county wherein a person resides against whom the complaint is made, by a person interested in such trust estate or by the creditor of a person interested in such trust estate against any person suspected of having concealed, embezzled, or conveyed away or of being or having been in the possession of any moneys, chattels, or choses in action of such estate, said court shall by citation, attachment or warrant, or, if circumstances require it, by warrant or attachment in the first instance, compel the person or persons so suspected to forthwith appear before it to be examined, on oath, touching the matter of the complaint. * * *
>
> The probate court may initiate proceedings on its own motion.
>
> The probate court shall forthwith proceed to hear and determine the matter.
>
> The examinations, including questions and answers, shall be reduced to writing, signed by the party examined, and filed in the probate court.
>
> If required by either party, the probate court shall swear such witnesses as may be offered by either party touching the matter of such complaint and cause the examination of every such witness, including questions and answers, to be reduced to writing, signed by the witness, and filed in the probate court.

{¶9} The relevant version of R.C. 2109.52 states in pertinent part that

When passing on a complaint made under section 2109.50 of the Revised Code, the probate court shall determine, by the verdict of a jury if either party requires it or without if not required, whether the person accused is guilty of having concealed, embezzled, conveyed away, or been in the possession of moneys, chattels, or choses in action of the trust estate.

{¶10} "The purpose of R.C. 2109.50 is to provide a speedy and effective method of discovering assets belonging to the estate and securing their recovery. The statute is not intended as a substitute for a civil action to collect a debt, obtain an accounting, adjudicate rights under a contract or recover judgment for money owing an executor or administrator." (Internal citation omitted.) *Wozniak v. Wozniak,* 90 Ohio App.3d 400, 407 (9th Dist.1993). "R.C. 2109.50 is a quasi-criminal statute. It requires a finding of guilty or not guilty and mandates that certain sanctions be imposed on a guilty defendant, including assessment of a ten percent penalty. Thus, to prove concealment, complainant must show more than possession of estate assets." (Internal citation omitted.) *Ukrainiec v. Batz,* 24 Ohio App.3d 200, 202 (9th Dist.1982). "Wrongful or culpable conduct on the part of the person accused is an element of the offense, which must be proven by a preponderance of the evidence." *Kaforey v. Burge*, 9th Dist. No. 17050, 1995 WL 283774, *2. "[T]he inquiry under R.C. 2109.50 focuses on the ownership of the asset and whether possession of the asset is being impermissibly concealed or withheld from the estate." *Wozniak* at 407. "Thus, a plaintiff has stated an actionable cause under R.C. 2109.50 if he alleges that the asset is the exclusive property of the estate and that the defendant has unauthorized possession of the asset or in some way has impermissibly disposed of it." *Id.*

{¶11} In her motion for summary judgment, Ms. Flaughers essentially argued that the bankruptcy court in the adversary proceeding determined facts that warranted the conclusion that the Thomases were liable on Ms. Flaughers' complaint for concealment of assets. Ms. Flaughers attached the bankruptcy court's ruling to her motion for summary judgment, and it is clear that

the trial court considered it when ruling.[1]  The trial court denied her motion, concluding that there was still a factual issue as to the amount of money contained in the lockbox.  In her motion for reconsideration, Ms. Flaughers asserted that, because the bankruptcy court's findings established the Thomases' liability for concealment of assets, she was entitled to summary judgment on the issue of liability but acknowledged that the issue of the amount of damages had not been determined.  The trial court denied her motion for reconsideration, concluding that there was no finding by the bankruptcy court of any of the essential elements of a concealment of assets action and that the Thomases were entitled to a trial by jury pursuant to R.C. 2109.52 and, thus, principles of res judicata were inapplicable.

{¶12}  "It has long been held that the legal doctrine of res judicata consists of two related concepts-claim preclusion and issue preclusion." *Fort Frye Teachers Assn., OEA/NEA v. State Employment Relations Bd.*, 81 Ohio St.3d 392, 395 (1998).  "Issue preclusion, or collateral estoppel, will preclude the relitigation of a fact or point that was actually and directly at issue in a previous proceeding between the same parties or their privies, and was passed upon and determined by a court of competent jurisdiction."  (Internal quotations and citations omitted.) *Price v. Carter Lumber Co.,* 9th Dist. No. 26243, 2012-Ohio-6109, ¶ 10.  "[A]n absolute due process prerequisite to the application of collateral estoppel is that the party asserting the preclusion must prove that the identical issue was actually litigated, directly determined, and essential to the judgment in the prior action."  (Internal quotations and citations omitted.) *Id.*

---

[1] While the bankruptcy ruling is not accompanied by an affidavit and, thus, does not qualify as proper summary judgment evidence, because there was no objection to it, the trial court was free to consider it, and it is apparent from the record that it did so. *See Cheriki v. Black River Industries, Inc.*, 9th Dist. No. 07CA009230, 2008-Ohio-2602, ¶ 6.

{¶13} The bankruptcy court was faced with deciding, following a trial, whether the assets contained in the lockbox constituted a debt excluded from discharge pursuant to 11 U.S.C. 523(a)(4). 11 U.S.C. 523(a)(4) excepts from chapter 13 discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny[.]" 11 U.S.C. 523(a)(4). The court noted that counsel presented arguments only with respect to larceny. The bankruptcy court defined larceny as "the fraudulent and wrongful taking and carrying away of the property of another with the intent to convert such property to the taker's use without the consent of the owner."

{¶14} The bankruptcy court concluded that

[a]t [Mr. Jarvis'] death, his property located in [the Thomases'] residence became part of his estate. [Mr. Jarvis] also indicated in [the note he left] that he wished for the contents of the box to be given to his sister, [Ms.] Flaughers, who is the administratrix of his estate. [The Thomases] have asserted no basis for claiming title to the box or its contents. * * * [Ms. Flaughers] demonstrated that it is more likely than not that [the Thomases] took property of the Jarvis estate by embezzlement or larceny. * * * The preponderance of the evidence presented at trial demonstrates that the [Thomases] did in fact refuse to turn over the box and its contents to [Ms.] Flaughers when they had the ability to do so. Rather, they removed the box from [Mr. Jarvis'] rented room, removed the contents [of] the box, and concealed those contents from [Ms.] Flaughers and the Jarvis estate. The Court therefore concludes that the [Thomases] did fraudulently and wrongfully take and carry away the property of [Mr. Jarvis] contained in the lockbox. They are therefore liable on [Ms.] Flaughers' non-dischargeable claim.

{¶15} Notably, the bankruptcy court did not liquidate the debt it found to be non-dischargeable. Thus, it is obvious that the summary judgment with respect to the amount of damages was not appropriate. However, in light of the findings made by the bankruptcy court and the issues it resolved in order to find the debt non-dischargeable, we conclude that the trial court erred in failing to grant summary judgment to Ms. Flaughers concerning the Thomases' liability on Ms. Flaughers' concealment of assets action based upon the application of collateral estoppel.

{¶16} The bankruptcy court determined that the lockbox and its contents belonged to Mr. Jarvis and his estate upon his death. The court further determined that the Thomases concealed and wrongfully took the property contained in the lockbox. There is no argument being made that the bankruptcy court was not a court of competent jurisdiction, that its determination was not final, or that privity was absent. *See Price*, 2012-Ohio-6109, at ¶ 10. Accordingly, it seems, at least on its face, that collateral estoppel would apply to bar relitigation of the issue of liability.

{¶17} The Thomases' main assertion is that collateral estoppel is inapplicable and, thus, summary judgment was inappropriate because R.C. 2901.52 guarantees them a right to a trial by jury and they were not guaranteed a right to a trial by jury in bankruptcy court. Notably, the Thomases are not arguing that there is anything within R.C. 2901.50 et seq. that would prohibit trial courts from considering and granting summary judgment if the summary judgment standard was met. Granting summary judgment inherently divests the parties of any form of trial on the claim for which judgment is granted. Thus, it would seem that, if summary judgment under R.C. 2901.50 et seq. can be appropriate in general, *see In re Estate of Popp,* 94 Ohio App.3d 640, 648-650 (8th Dist.1994), thereby denying one side its right to a jury trial, the Thomases' argument likewise must fail. *See also id.* at 651-652 ("Where as in this case there is no genuine issue to present to the jury, the trial court cannot and should not grant a jury trial even when requested."). Thus, we are not persuaded that the application of collateral estoppel would violate principles of due process. The matter of dischargeability was fully litigated in a trial involving both sides' participation. The issue posed in the litigation was whether the Thomases wrongfully concealed and withheld an asset belonging to the probate estate. Further, the determinations that the lockbox was the property of the probate estate, that the Thomases "removed the contents [of]

the box, and concealed those contents from [Ms.] Flaughers and the Jarvis estate[,]" and that the Thomases did so wrongfully were necessary for the bankruptcy court to conclude that the debt was not dischargeable pursuant to 11 U.SC. 523(a)(4). *See Price* at ¶ 10.

{¶18} Accordingly, we conclude that the findings made by the bankruptcy court collaterally estop the Thomases from relitigating the issue of liability on Ms. Flaughers' complaint for the concealment of assets. The amount of damages, having never been determined by the bankruptcy court, remains to be tried. We sustain Ms. Flaughers' assignment of error and remand the matter for proceedings consistent with this opinion.

III.

{¶19} In light of the foregoing, we reverse the judgment of the Summit County Court of Common Pleas, Probate Division, and remand the matter for proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

EVE V. BELFANCE
FOR THE COURT

MOORE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

GREGORY L. HAIL, Attorney at Law, for Appellant.

E. SPENCER MUSE, Attorney at Law, for Appellees.