[Cite as *Wildberry Homeowners Assn., Inc. v. Schuffert*, 2017-Ohio-2702.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

WILDBERRY HOMEOWNERS
ASSOCIATION, INC.

    Appellee

    v.

WILLIAM SCHUFFERT, et al.

    Appellants

C.A. No.    15CA010840

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    14CV184344

DECISION AND JOURNAL ENTRY

Dated: May 8, 2017

SCHAFER, Judge.

{¶1} Defendant-Appellant, William Schuffert, appeals the judgment of the Lorain County Court of Common Pleas granting summary judgment in favor of Plaintiff-Appellee, Wildberry Homeowners Association, on its complaint for foreclosure. For the reasons set forth below, we reverse and remand this matter for further proceedings.

I.

{¶2} Wildberry Homeowner's Association, Inc. ("Association") is a homeowner's association incorporated under the laws of Ohio and governed by the Declaration of Covenants and Restrictions of Wildberry, Avon Lake ("Declaration"). In October 2005, Schuffert purchased real property on Waterberry Court in Avon Lake, Ohio, which is subject to the Declaration. As relevant to this appeal, the Declaration requires all members of the Association to pay annual assessments and maintenance fees, which are collected periodically over the course of a calendar year. Additionally, the Declaration allows the Association to levy special

assessments when certain requirements are met. In addition to the monetary obligations, the Declaration includes covenants and restrictions upon the subject properties and Association members. The Declaration also permits the Association to pursue legal action against the responsible owner for a delinquent assessment and to foreclose the lien against the property.

{¶3} It is undisputed that beginning on July 1, 2012, Schuffert stopped paying all assessments and fees to the Association. Schuffert states that he stopped paying the fees and assessments due to a $437.00 bill from the Association for "legal fees" dated November 11, 2011, which he disputes. Ultimately, on November 27, 2013, the Association filed a Notice of Lien against Schuffert's Waterberry Court property. Despite receiving the Notice of Lien and multiple letters from the Association concerning the delinquent assessments and fees, Schuffert failed to pay the full amount due and owing. Thus, on August 26, 2014, the Association filed a complaint for foreclosure in the Lorain County Court of Common Pleas. The complaint named Schuffert, JPMorgan Chase Bank, N.A., and the Lorain County Treasurer as defendants. Each named defendant filed an answer in response to the Association's complaint. As relevant to this appeal, Schuffert denied the allegations set forth in the Association's complaint. The matter then proceeded through the discovery process.

{¶4} On March 31, 2015, the Association filed a motion for summary judgment arguing that no genuine issues of material fact exist concerning Schuffert's liability and that it is entitled to judgment as a matter of law. Specifically, as a lienholder on Schuffert's Waterberry Court property, the Association argued that it is entitled by law to foreclose on the property in question and have it sold at sheriff's sale. Schuffert subsequently filed a brief in opposition to the Association's motion for summary judgment, to which the Association filed a brief in

support of its summary judgment motion. On July 24, 2015, the trial court granted the Association's motion for summary judgment and issued a decree in foreclosure.

{¶5} Schuffert filed this timely appeal and raises one assignment of error for our review.

## Assignment of Error

**The trial court was in error when it issued the judgment entry and decree of foreclosure on July 24, 2015[,] granting the Wildberry Homeowners Association's motion for summary judgment as there existed genuine issues of material facts and the Wildberry Homeowners Association was not entitled to judgment as a matter of law.**

{¶6} In his sole assignment of error, Schuffert argues that the trial court erred by granting Wildberry Homeowners Association's motion for summary judgment. Specifically, Schuffert challenges: (1) the trial court's determination that the Association was entitled to assess attorney fees prior to obtaining a judgment; (2) the trial court's determination that the Association was entitled to attorney fees since the record was devoid of any evidentiary materials from which it could have concluded that such fees were reasonable; (3) the trial court's determination that Schuffert could not raise the Association's failure to comply with and enforce the Declaration as a defense to the foreclosure action; and (4) the trial court's failure to consider Schuffert's argument that the attorney fees at issue were unreasonable because the Association had acted in bad faith.

{¶7} We review an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Summary judgment is only appropriate where (1) no genuine issue of material fact exists; (2) the movant is entitled to judgment as a matter of law; and (3) the evidence can only produce a finding that is contrary to the non-moving party. Civ.R. 56(C). Before making such a contrary finding, however, a court must view the facts in the light most

favorable to the non-moving party and must resolve any doubt in favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359 (1992).

{¶8} Summary judgment consists of a burden-shifting framework. To prevail on a motion for summary judgment, the party moving for summary judgment must first be able to point to evidentiary materials that demonstrate there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 449 (1996).

{¶9} Schuffert contends that the trial court erred when it relied on R.C. 5311.18 to determine that Schuffert was not entitled to raise the Association's failure to enforce the Declaration's covenants and restrictions as an affirmative defense to the foreclosure. We agree.

{¶10} R.C. 5311.18(B)(6) states, "[i]n any foreclosure action, it is not a defense, set off, counterclaim, or crossclaim that the unit owners association has failed to provide the unit owner with any service, goods, work, or material, or failed in any other duty." However, Chapter 5311 of the Ohio Revised Code strictly applies to condominium properties specifically submitted to its provisions by the execution and filing of a declaration by which the property is submitted to the provisions of R.C. Chapter 5311. *See* R.C. 5311.02 and R.C. 5311.01(R). Conversely, "planned communities," such as Wildberry, are governed by Chapter 5312 of the Ohio Revised Code, which expressly excludes condominium properties. R.C. 5312.02(A); R.C. 5312.01(M). Thus,

the Association's contention that the "same body of law" applies to both condominium properties and planned communities lacks merit. *See One Bratenahl Place Condominium Assn., Inc. v. Sliwinski*, 8th Dist. Cuyahoga No. 102493, 2015-Ohio-3353, ¶ 18 (discussing the significance of the legislature's decision to omit a specific provision from the condominium lien statute, which was included in the planned community lien statute).

**{¶11}** As the General Assembly has expressly limited the application of R.C. Chapter 5311 to specifically submitted condominium properties and R.C. Chapter 5312 to planned communities, we conclude that the trial court erred when it applied R.C. 5311.18 to the facts of this case. Therefore, we reverse the trial court's grant of summary judgment and remand the matter for the trial court to apply the appropriate law.

**{¶12}** Consequently, Schuffert's argument with regard to whether or not attorney fees related to his admitted failure to pay annual assessments were properly included in the lien is not yet ripe for our review. However, we note that a review of the journal entry shows that the trial court mistakenly included the November 11, 2011 bill for $437 of "legal fees" in its calculation of the attorney fees awarded in conjunction with Schuffert's admitted failure to pay annual assessments on his Waterberry property. Since the November 11, 2011 bill pre-dates Schuffert's admitted failure to pay the annual assessments, those "legal fees" cannot be attorney fees associated with that default. Instead, the Association claims in its reply brief to Schuffert's brief in opposition to the motion for summary judgment that it was entitled to assess those fees as costs incurred by the Association to enforce Schuffert's breach of the Declaration's covenant against nuisances. In contrast, Schuffert points to Article VI, Section 21 of the Declaration, Correction by Association of Breach of Covenant and R.C. 5312.11 to show that the Association did not follow the proper procedure when it assessed his property for those fees. Nevertheless,

as a reviewing court, we decline to make a determination as to whether or not the November 11, 2011 bill was properly included in the lien and instruct the trial court upon remand to make that determination in the first instance. *See Price v. Carter Lumber Co.*, 9th Dist. Summit No. 26243, 2012-Ohio-6109, ¶ 22 ("As this Court remains a reviewing court, we will not consider the issues relevant to the motion for summary judgment in the first instance.")

**{¶13}** Therefore, Schuffert's assignment of error is sustained.

III.

**{¶14}** With the Appellants' sole assignment of error having been sustained, the judgment of the Lorain County Court of Common Pleas is reversed and this matter is remanded for further proceedings consistent with this decision.

Judgment reversed<br>and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.

APPEARANCES:

KENNETH R. RESAR, Attorney at Law, for Appellant.

MICHAEL R. STAVNICKY, Attorney at Law, for Appellee.